SHORTESS, Judge.
Patsy LeBlanc (plaintiff) filed suit against Mr. and Mrs. Joannes A. Terrebonne (defendant), alleging that they violated the building restrictions of Drusilla Woods Subdivision, where both parties live and are homeowners, by building an addition to their home. Plaintiff requested a mandatory injunction directing that the offending structure be removed. The trial judge permanently enjoined defendants from even occasional use of the addition as a garage or carport, but he did not order defendants to remove the structure. Plaintiff has therefore perfected this appeal.[2] Drusilla Woods Subdivision consists of only eight lots arranged around a circular access drive. Plaintiff is the owner of Lot One, and defendants are the owners of Lot Two. The lots share a common boundary. This controversy arose when defendants constructed an addition to their two-car garage consisting of a concrete slab and a Sears patio cover with metal support posts. The subdivision building restrictions provide in pertinent part:
“NO LOTS SHALL BE USED EXCEPT FOR RESIDENTIAL PURPOSES. NO BUILDING SHALL BE ERECTED, ALTERED, PLACED OR PERMITTED TO REMAIN ON ANY LOT OTHER THAN ONE DETACHED SINGLE FAMILY DWELLING NOT TO EXCEED TWO AND ONE-HALF STORIES *981 IN HEIGHT AND A PRIVATE GARAGE FOR NOT MORE THAN TWO CARS.

NO BUILDING SHALL BE LOCATED NEARER TO AN INTERIOR LOT LINE THAN A DISTANCE EQUAL TO 10% OF THE LOT WIDTH AT ALL POINTS OF PROXIMITY TO THE SIDE LINES, BUT IN NO CASE SHALL ANY BUILDING BE LOCATED NEARER THAN SEVEN (7) FEET TO AN INTERIOR LOT LINE. NO DWELLING SHALL BE LOCATED ON ANY INTERIOR LOT NEARER THAN TWENTY-FIVE (25) FEET TO THE REAR LOT LINE. FOR THE PURPOSES OF THIS COVENANT, EAVES, STEPS, AND OPEN PORCHES SHALL NOT BE CONSIDERED AS A PART OF THE BUILDING, PROVIDED, HOWEVER, THAT THIS SHALL NOT BE CONSTRUED TO PERMIT ANY PORTION OF A BUILDING ON A LOT TO ENCROACH UPON ANOTHER LOT.”
Six of the eleven impartial[3] residents of the subdivision testified that the addition was used as a patio rather than as a garage. However, some witnesses stated that cars had been parked under the cover on isolated instances. Several witnesses recalled crawfish boils and homemade ice cream parties under the patio cover. Testimony reveals that a swing, lawn chairs and pot plants are regularly under the cover. Joannes Terrebonne testified that he and his family built the addition for the purpose of adding a covered patio, to their home. He stated that the principle use of the structure had been as a patio and that cars had only been parked there before he completed the cover or when the weather was bad. In contrast to the testimony of defendants and all the witnesses, plaintiff testified that cars were always parked under the structure.
Carey Hodges, a civil engineer and surveyor, testified that the concrete slab is .4 foot from the interior lot line dividing the property and that the cover in certain places is .9 foot from the lot line.
The two issues presented are: (1) did defendants violate the subdivision restriction prohibiting the construction of a private garage for more than two cars, and (2) did defendants violate the subdivision restriction prohibiting construction of any building nearer than seven feet to an interi- or lot line. Plaintiff contends that the trial judge erred in not granting a mandatory injunction directing the removal of the structure.
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements and may be enforced by mandatory and prohibitory injunctions. La.Civil Code arts. 775, 779. Any doubt as to the existence validity, or extent of building restrictions is resolved in favor of the unrestricted use of the immovable. La.Civil Code art. 783. The trial judge found that the addition constituted an “open porch” and that “(o)pen porches, under the terms of the restrictions, are allowed to extend out to the distance that the addition extends.” The trial judge’s findings of fact will not be disturbed in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Based upon the testimony and the photographs in the record, we cannot say that the trial judge was clearly wrong in his findings. Because the trial judge found that the addition was an “open porch,” none of the subdivision restrictions were violated. He correctly refused to grant plaintiff’s request that the *982 offending structure be removed.[4] All costs of this appeal are taxed to plaintiff.
AFFIRMED.

. Defendants did not appeal, so that portion of the judgment which enjoined the use of the addition as a garage or carport is final.

. The residents are impartial in the sense that they are not parties to this suit. However, all the residents except plaintiff signed a document stating that they were aware of the addition made to defendants’ home, that they had no objection to the addition, and that if the addition was in violation of the subdivision restrictions, they would agree to amend them. This document was only accepted as a proffer, because the trial judge found that the subdivision restrictions did not allow amendment until March 10, 1986, 25 years after the recordation date. We agree.

. Plaintiff contends that the trial judge confused building restrictions and use restrictions, because he issued an injunction prohibiting any use of the addition as a garage or carport, but did not order the removal of the structure. However, we do not feel that the trial judge erred. Building restrictions encompass use restrictions in that they govern “specified uses” of immovables. La.Civil Code art. 775.